JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
Christopher A. Gilmore, OSB No. 980570
Senior Assistant County Attorney
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Telephone:  (503) 988-3138
Facsimile:  (503) 988-3377
Email: chris.gilmore@multco.us
  *Of Attorneys for Defendants Multnomah County,*
  *Michael Reese, Steven Alexander, Kurtiss Morrison,*
  *Jeffery Wheeler and Deputy Castro-Ramos*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
Portland Division

| | |
|---|---|
| **CHRISTOPHER CALDWELL, SHANNON CLARK, JACEY HOPPERT, ALEX KULAKEVICH, JOSHUA KRUMWEIDE, DAVID LARUE, ALEXIE LAWLER, ANTHONY MATHIS, RAUL MARQUEZ, LUIS NAVARRETE, VALENTINE PASCU, ANDREW PIERSON, CHRISTOPHER PITMAN, TRACY RASBERRY, JEFF ROBERTS, CHRISTOPHER SELIGER, ANTHONY TAYLOR,** and **MARK WICKLUND,** individually and on behalf of all similarly situated individuals,<br><br>            Plaintiffs,<br><br>    v.<br><br>**MULTNOMAH COUNTY**, a political subdivision of the state of Oregon; **MICHAEL REESE,** Multnomah County Sheriff, **STEVEN ALEXANDER,** Chief Deputy of Corrections, and **KURTISS MORRISON**, Facility Commander, **JEFFERY WHEELER**, Facility Commander, and **DEPUTY CASTRO-RAMOS**,<br><br>            Defendants. | Civil No. 3:21-cv-00501-AA<br><br><br>DEFENDANTS' **AMENDED** ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT |

Page 1 – DEFENDANTS' **AMENDED** ANSWER AND AFFIRMATIVE DEFENSES TO
        PLAINTIFFS' AMENDED COMPLAINT

In Answer to Plaintiffs' Amended Complaint, Defendants admit, deny, and allege as follows:

1.

As to paragraph 1, an INTRODUCTION is not an allegation and warrants no response; notwithstanding DEFENDANTS deny all claims asserted therein in their entirety.

2.

As to paragraphs 2 through 4, DEFENDANTS admit this court has subject matter jurisdiction and that venue is proper.

3.

As to paragraphs 5, DEFENDANTS admit Plaintiffs were housed in the custody of the Multnomah County Jail at Inverness ("Inverness Jail") or the Multnomah County Detention Center ("Detention Center").

4.

As to paragraph 6, DEFENDANTS admit that Multnomah County is an Oregon county and political subdivision of the State of Oregon, operates the Inverness Jail and the Detention Center, and that the County has a duty to provide for the safety and care of persons held in custody as required by law. To the extent Plaintiffs suggest a duty other than what is required as a matter of law it is denied.

5.

As to paragraph 7, DEFENDANT MICHAEL REESE is the Sheriff of Multnomah County. Although DEFENDANT MICHAEL REESE is responsible for the operation of the Inverness Jail and the Detention Center, the daily operations are delegated to Chief Deputy Steven Alexander and to that extent the allegations in this paragraph are denied.

Page 2 – DEFENDANTS' **AMENDED** ANSWER AND AFFIRMATIVE DEFENSES TO
        PLAINTIFFS' AMENDED COMPLAINT

DEFENDANTS' admission herein relates to the duties and responsibilities only to the extent required by law and to the extent the vague and broad nature of the allegations can be construed otherwise they are expressly denied. DEFENDANTS admit that DEFENDANT MICHAEL REESE was acting under color of law.

6.

As to paragraph 8, DEFENDANT STEVEN ALEXANDER is the Chief Deputy of Corrections for the Multnomah County Sheriff's Office ("MCSO"). DEFENDANTS admit DEFENDANT STEVEN ALEXANDER is responsible for the following at the Inverness Jail and the Detention Center: (1) operations, (2) ensuring the presence and implementation of proper policies and procedures, and (3) training, supervision, and discipline of employees. Chief Deputy Steven Alexander is consulted on issues as necessary and from time to time but is not otherwise actively involved in every aspect of the day-to-day management of the facility and to that extent the allegation is denied. The daily operations are delegated to Facility Commander Kurtiss Morrison and to that extent the allegations in this paragraph are denied. DEFENDANTS' admission herein relates to the duties and responsibilities only to the extent required by law and to the extent the vague and broad nature of the allegations can be construed otherwise they are expressly denied. DEFENDANTS admit that DEFENDANT STEVEN ALEXANDER was acting under color of law.

7.

As to paragraph 9, DEFENDANT KURTISS MORRISON is the Facility Commander for the Multnomah County Sheriff's Office ("MCSO") who is responsible for the operation of the Inverness Jail. DEFENDANTS admit DEFENDANT KURTISS MORRISON is responsible for the following at the Multnomah County Jail at Inverness: (1) operations, (2) ensuring the

Page 3 – DEFENDANTS' **AMENDED** ANSWER AND AFFIRMATIVE DEFENSES TO
          PLAINTIFFS' AMENDED COMPLAINT

presence and implementation of proper policies and procedures, and (3) supervision and discipline of employees but otherwise deny the remainder. DEFENDANT KURTISS MORRISON is not otherwise actively involved in every aspect of the day-to-day management of the facility and to that extent the allegation is denied. DEFENDANTS' admission herein relates to the duties and responsibilities only to the extent required by law and to the extent the vague and broad nature of the allegations can be construed otherwise they are expressly denied. DEFENDANTS admit that DEFENDANT KURTISS MORRISON was acting under color of law.

8.

As to paragraph 10, DEFENDANT JEFFERY WHEELER is the Facility Commander for the Multnomah County Sheriff's Office ("MCSO") who is responsible for the operation of the Detention Center. DEFENDANTS admit DEFENDANT JEFFERY WHEELER is responsible for the following: (1) operations, (2) ensuring the presence and implementation of proper policies and procedures, and (3) supervision and discipline of employees but otherwise deny the remainder. DEFENDANT JEFFERY WHEELER is not otherwise actively involved in every aspect of the day-to-day management of the facility and to that extent the allegation is denied. DEFENDANTS' admission herein relates to the duties and responsibilities only to the extent required by law and to the extent the vague and broad nature of the allegations can be construed otherwise they are expressly denied.

9.

As to paragraph 11, DEFENDANTS admit that Deputy Castro-Ramos works in the Inverness Jail and was acting under the color of law.

Page 4 – DEFENDANTS' **AMENDED** ANSWER AND AFFIRMATIVE DEFENSES TO
        PLAINTIFFS' AMENDED COMPLAINT

10.

As to paragraph 12, no admission or denial is required. DEFENDANTS reserve the right

to object in due course to any amendment that is not otherwise permitted as a matter of law.

11.

Admit paragraph 13.

12.

As to paragraph 14, DEFENDANTS admit that the recent information provided by the

Center for Disease Control relating to the spreading of COVID-19 states:

"COVID-19 is spread in three main ways:

- Breathing in air when close to an infected person who is exhaling
  small droplets and particles that contain the virus.

- Having these small droplets and particles that contain virus land on
  the eyes, nose, or mouth, especially through splashes and sprays
  like a cough or sneeze.

- Touching eyes, nose, or mouth with hands that have the virus on
  them."

Defendants deny that "At the time plaintiffs were infected, a vaccine for the COVID-19 disease

was not available to them nor any specific medications to prevent or treat it." This statement is

true for some Plaintiffs but not others. Defendants admit that measures for reducing the spread of

the disease includes "maintaining at least six feet of distance between people, frequent hygiene

including hand washing, cleaning and disinfecting touched surfaces (such as phones, handles,

trays, tables, etc.), and covering one's mouth and nose with a mask." Defendants are without

sufficient information to confirm or deny when the measures were known. Defendants admit that

current Center for Disease Control guidance on correctional facilities recognizes that

"Congregate settings, including correctional and detention facilities, are characterized by a

Page 5 – DEFENDANTS' **AMENDED** ANSWER AND AFFIRMATIVE DEFENSES TO
        PLAINTIFFS' AMENDED COMPLAINT

diverse and varying set of factors that can increase risk and affect exposure to and transmission of COVID-19." Defendants are without sufficient information to confirm or deny the remainder of paragraph 14.

13.

Deny paragraph 15.

14.

As to paragraph 16 deny that "defendants' response to the COVID-19 pandemic has been woefully inadequate" or that "[t]he recent trend is alarming and illuminates defendants' negligence and deliberate indifference" but otherwise admit the positive test results set forth in subparagraphs (a) through (e) are consistent with the news releases cited in the footnotes to that paragraph.

15.

Deny paragraphs 17 through 21.

16.

As to paragraph 22, DEFENDANTS are without sufficient information to confirm or deny "AICs working the kitchen were told their dorm was on medical lockdown" on February 6, 2021 or that "The reason was due to AICs testing positive for COVID-19 or being exposed to AICs that tested positive" and otherwise deny the remainder.

17.

Deny paragraphs 23 through 25.

/// /// ///

/// /// ///

/// /// ///

Page 6 – DEFENDANTS' **AMENDED** ANSWER AND AFFIRMATIVE DEFENSES TO
          PLAINTIFFS' AMENDED COMPLAINT

18.

As to paragraph 26, DEFENDANTS admit that subparagraphs (a) through (c) accurately represent statements made in the Audit of Multnomah County's Pandemic Response dated February of 2021 but otherwise deny the remainder.

19.

As to paragraph 27 through 30, DEFENDANTS admit that the information provided is consistent with statements made in the Audit of Multnomah County's Pandemic Response dated February of 2021.

20.

As to paragraph 31 through 34, DEFENDANTS admit that the following information was provided in the news release statement cited in the footnote to each paragraph:

> "on January 15, an adult in custody at Inverness tested positive for COVID-19"

> "81 additional individuals in multiple dorms that tested positive"

> "On January 21 eleven adults that tested positive for COVID-19"

> "rapid testing was only used 194 times in 2020"

> "Corrections Health has completed 900 tests" as of February of 2021"

Deny the remainder as well as any changes or redactions that misrepresent what was provided in the news release that day.

21.

Deny paragraphs 35 through 39.

/// /// ///

/// /// ///

Page 7 – DEFENDANTS' **AMENDED** ANSWER AND AFFIRMATIVE DEFENSES TO
             PLAINTIFFS' AMENDED COMPLAINT

22.

As to paragraph 40, DEFENDANTS are without sufficient information to confirm or deny the first two sentences: "On February 7, 2021, an AIC was transferred from D7 to D11. Before the transfer, the inmate was tested for COVID-19. Instead of waiting for the results, he was transferred to D11 and while staff were still determining whether he had tested positive." Deny the remainder.

23.

As to paragraph 41, DEFENDANTS admit that the statement "Multnomah County Public Health declared the COVID-19 outbreak at Inverness Jail at an end on March 23. The determination came after 28 days passed — or two full incubation periods for the virus — without a new case" appears in a news release dated March 23, 2021 and otherwise deny any changes or redactions that misrepresent what was provided in the news release that day.

24.

As to paragraph 42, DEFENDANTS admit that the statement "Since the first positive case was identified in December, 198 adults in custody and 31 corrections staff or members of their households tested positive" appears in a news release dated March 23, 2021 and otherwise deny any changes or redactions that misrepresent what was provided in the news release that day.

25.

Deny paragraph 43.

26.

As to paragraph 44, DEFENDANTS admit that the following statement "Corrections Health reports an adult in custody at the Multnomah County Detention Center who had symptoms of COVID-19 tested positive for the virus on May 6. Rapid testing of potentially

Page 8 – DEFENDANTS' **AMENDED** ANSWER AND AFFIRMATIVE DEFENSES TO
　　　　PLAINTIFFS' AMENDED COMPLAINT

exposed adults in custody turned up an additional three cases on May 7. Because of transfers between facilities, two dorms at Inverness Jail are considered exposed and have been quarantined as a precaution. All individuals in those two dorms who were tested today were negative. Multnomah County Public Health staff have also received reports of a small number of COVID-positive staff since April 13" appears in a news release on May 7, 2021 and otherwise deny any changes or redactions that misrepresent what was provided in the news release that day.

27.

As to paragraph 45, DEFENDANTS admit that the following statement: "Corrections Health reports four adults in custody at the Multnomah County Detention Center have tested positive for COVID-19 on May 9. Rapid testing of potentially exposed adults in custody turned up the five cases since May 6. Because of transfers between facilities, two dorms at Inverness Jail are considered exposed and have been quarantined as a precaution" appears in a news release dated May 17, 2021 and otherwise deny any changes or redactions that misrepresent what was provided in the news release that day.

28.

As to paragraph 46, DEFENDANTS admit the following statement "Repeat rapid testing of adults in custody who have been potentially exposed to COVID-19 has uncovered seven new cases at the Multnomah County Detention Center and five new cases at the Inverness Jail, Public Health reports. All of the adults in custody who tested positive have either mild or no symptoms. There have been no hospitalizations and no deaths" appears in a news release dated May 25, 2021 and otherwise deny any changes or redactions that misrepresent what was provided in the news release that day.

Page 9 – DEFENDANTS' **AMENDED** ANSWER AND AFFIRMATIVE DEFENSES TO
          PLAINTIFFS' AMENDED COMPLAINT

29.

As to paragraph 47, DEFENDANTS admit the following statement "Since early May, several adults in custody have tested positive for COVID-19 at both the Multnomah County Detention Center and Inverness Jail. Corrections Health began repeat testing of potentially exposed adults in custody after an adult in custody who had symptoms of COVID-19 tested positive for the virus on May 6 at the Detention Center. Since then, a total of 12 adults in custody at that location have tested positive" appears in a news release on June 8, 2021 and otherwise deny any changes or redactions that misrepresent what was provided in the news release that day.

30.

As to paragraph 48, DEFENDANTS admit the following statement "Because of the potential disproportionate impact of such a highly transmissible virus on people in custody, the County has also reduced the number of people in detention by one third" appears in a news release dated June 8, 2021 and otherwise deny any changes or redactions that misrepresent what was provided in the news release that day.

31.

Deny paragraphs 49 through 51.

32.

As to paragraph 52 and 53, DEFENDANTS admit that Plaintiff Christopher Caldwell was vaccinated for COVID-19 on March 29, 2021, that he tested positive for COVID-19 on May 7, 2021, that he experienced symptoms relating to that condition but otherwise are without sufficient information to confirm or deny the remainder.

/// /// ///

/// /// ///

Page 10 – DEFENDANTS' **AMENDED** ANSWER AND AFFIRMATIVE DEFENSES TO
        PLAINTIFFS' AMENDED COMPLAINT

33.

As to paragraph 54, DEFENDANTS admit that Plaintiff Shannon Clark tested positive for COVID but without sufficient information to confirm or deny whether it was contracted at Inverness Jail.

34.

As to paragraph 55, DEFENDANTS are without sufficient information to confirm or deny.

35.

As to paragraph 56, DEFENDANTS admit that Plaintiff Jacey Hopper tested positive for COVID-19 on June 1, 2021 but are without sufficient information to confirm or deny the remainder.

36.

As to paragraph 57, DEFENDANTS admit that Plaintiff David Larue "was moved from Dorm 5 to Dorm 17" and that he submitted a grievance but are without sufficient information to confirm or deny the remainder.

37.

Admit paragraph 58.

38.

As to paragraph 59, DEFENDANTS admit that Plaintiff Joshua Krumweide tested positive on January 21, 2021 but otherwise are without sufficient information to confirm or deny the remainder.

/// /// ///

/// /// ///

Page 11 – DEFENDANTS' **AMENDED** ANSWER AND AFFIRMATIVE DEFENSES TO
         PLAINTIFFS' AMENDED COMPLAINT

39.

As to paragraphs 60 and 61, DEFENDANTS are without sufficient information to confirm or deny.

40.

Deny paragraphs 62 through 64.

41.

As to paragraph 65, DEFENDANTS admit that Plaintiff David Larue "tested positive on January 27, 2021" but otherwise are without sufficient information to confirm or deny the remainder.

42.

As to paragraph 66, DEFENDANTS are without sufficient information to confirm or deny.

43.

As to paragraph 67 and 68, DEFENDANTS admit that Plaintiff Alexie Larue tested positive on February 8, 2021 but otherwise are without sufficient information to confirm or deny the remainder.

44.

Deny paragraph 69.

45.

As to paragraph 70, DEFENDANTS admit that Plaintiff Anthony Mathis tested positive on January 25, 2021 but otherwise are without sufficient information to confirm or deny the remainder.

Page 12 – DEFENDANTS' **AMENDED** ANSWER AND AFFIRMATIVE DEFENSES TO
      PLAINTIFFS' AMENDED COMPLAINT

46.

As to paragraph 71, DEFENDANTS admit that in a letter Dr. Elaine Marcus stated "As we discussed at your visit to the clinic today I think you may have "post COVID-19 syndrome" or Long COVID. This is a condition where you continue to have symptoms after the virus that causes the COVID-19 has left your body" but otherwise deny the remainder as well as and otherwise deny any changes or redactions that misrepresent what was provided in her letter.

47.

As to paragraph 72, DEFENDANTS admit that Plaintiff Raul Marquez tested positive on January 25, 2021 but otherwise are without sufficient information to confirm or deny the remainder.

48.

As to paragraph 73, DEFENDANTS admit that Plaintiff Raul Marquez tested positive for COVID but are without sufficient information to confirm or deny the remainder.

49.

As to paragraph 74, DEFENDANTS admit that Plaintiff Raul Marquez has reported issues relating to numbness and blood pressure.

50.

As to paragraph 75, DEFENDANTS are without sufficient information to confirm or deny.

51.

As to paragraph 76, DEFENDANTS admit that Plaintiff Valentine Pascu tested positive on February 7, 2021 but otherwise are without sufficient information to confirm or deny the remainder.

Page 13 – DEFENDANTS' **AMENDED** ANSWER AND AFFIRMATIVE DEFENSES TO
　　　　　PLAINTIFFS' AMENDED COMPLAINT

52.

As to paragraph 77, DEFENDANTS admit that Plaintiff Valentine Pascu was moved from dorm 7 to dorm 11 but are unable to confirm or deny whether the dorm was under quarantine.

53.

As to paragraph 78, DEFENDANTS are without sufficient information to confirm or deny.

54.

As to paragraph 79, DEFENDANTS admit Plaintiff Valentine Pascu tested positive for COVID-19 on February 7, 2021 and that he was transferred to dorm 18 on February 16, 2021 but are without sufficient information to confirm or deny whether he was transferred to dorm 12.

55.

As to paragraph 80 and 81, DEFENDANTS are without sufficient information to confirm or deny.

56.

As to paragraph 82, DEFENDANTS admit that Plaintiff Andrew Pierson tested positive on February 6, 2021 but otherwise are without sufficient information to confirm or deny the remainder.

57.

As to paragraph 83, DEFENDANTS admit that Plaintiff Chris Pitman tested positive on February 8, 2021 but otherwise are without sufficient information to confirm or deny the remainder.

Page 14 – DEFENDANTS' **AMENDED** ANSWER AND AFFIRMATIVE DEFENSES TO
        PLAINTIFFS' AMENDED COMPLAINT

58.

As to paragraph 84, DEFENDANTS are without sufficient information to confirm or deny.

59.

As to paragraph 85, DEFENDANTS admit that Plaintiff Jeff Roberts tested positive on January 29, 2021 but otherwise are without sufficient information to confirm or deny the remainder.

60.

As to paragraph 86, DEFENDANTS admit that Plaintiff Christopher Seliger tested positive on January 28, 2021 but otherwise are without sufficient information to confirm or deny the remainder.

61.

As to paragraph 87, DEFENDANTS admit that Plaintiff Anthony Taylor tested positive on February 8, 2021 but otherwise are without sufficient information to confirm or deny the remainder.

62.

As to paragraph 88, DEFENDANTS admit that Plaintiff Mark Wickland tested positive on January 17, 2021 but otherwise are without sufficient information to confirm or deny the remainder.

63.

As to paragraph 89, DEFENDANTS are without sufficient information to confirm or deny.

Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

64.

As to paragraphs 90 through 99 relating to class allegations, DEFENDANTS reserve the

right to assert any legal or factual objections to class certification through the appropriate

pleadings and for that reason deny these allegations in their entirety.

65.

As to paragraph 100 incorporating each previous paragraph, DEFENDANTS similarly

incorporate each and every response to each previous paragraph.

66.

As to paragraph 101, the allegation is improper as it asserts purely a question of law and

as such Defendants deny the same.

67.

Deny paragraphs 102 through 107.

68.

As to paragraph 108 incorporating each previous paragraph, DEFENDANTS similarly

incorporate each and every response to each previous paragraph.

69.

Deny paragraphs 109 through 114.

70.

As to paragraph 115, the allegation is improper as it asserts purely a question of law and

as such Defendants deny the same.

71.

Deny paragraphs 116 through 122.

Page 16 – DEFENDANTS' **AMENDED** ANSWER AND AFFIRMATIVE DEFENSES TO
        PLAINTIFFS' AMENDED COMPLAINT

Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

BY WAY OF FURTHER ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT, DEFENDANTS ALLEGE AS FOLLOWS:

## AFFIRMATIVE DEFENSES - FEDERAL CLAIMS

### 72.

### FIRST AFFIRMATIVE DEFENSE
### LACK OF STANDING

Plaintiffs lack standing to bring this class action. Specific objections to certification of the class will be raised in a timely manner at such time as Plaintiffs seek certification from this Court. Because the alleged class representatives did not properly exhaust the available administrative remedies as required by the Prison Litigation Reform Act, Plaintiffs failed to properly allege facts that are sufficient to create a class under FRCP 23.

### 73.

### SECOND AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM UNDER 8TH AND 14TH AMENDMENT

Plaintiffs failed to state a claim under the Eighth and Fourteenth Amendment as there are no facts sufficient to support a claim for "deliberate indifference" in the context of the ever evolving standard of care for protecting persons in custody from the novel COVID-19 virus.

### 74.

### THIRD AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM UNDER *MONELL*

In the absence of any underlying constitutional violation there can be no *Monell* claim. As a result Plaintiffs failed to state a claim for relief under *Monell*. Plaintiffs may not rely on the doctrine of respondeat superior which was expressly repudiated in *Monell*. Plaintiffs failed to identify any custom or practice that was the motivating force behind the alleged constitutional

Page 17 – DEFENDANTS' **AMENDED** ANSWER AND AFFIRMATIVE DEFENSES TO
     PLAINTIFFS' AMENDED COMPLAINT

violations given COVID-19 is a novel virus, understanding and addressing the virus was

constantly evolving, and DEFENDANTS actions were reasonable under the circumstances.

75.

**FOURTH AFFIRMATIVE DEFENSE**
**QUALIFIED IMMUNITY FOR INDIVIDUAL DEFENDANTS**

Qualified immunity immunizes the individually named defendants in this case from

liability because: (1) the individuals were not 'deliberately indifferent' to the adults in custody

and as such their conduct was not unconstitutional, and (2) there is no clearly established case

law that would place Defendants on notice that the allegations in this case are unconstitutional.

76.

**FIFTH AFFIRMATIVE DEFENSE**
**FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES UNDER PLRA**

Under the Prison Litigation Reform Act, Plaintiffs are required to exhaust all

administrative remedies as a prerequisite to initiating a lawsuit. Plaintiffs in this case failed to

exhaust the administrative remedies as it relates to the allegations in the Amended Complaint.

77.

**SIXTH AFFIRMATIVE DEFENSE**
**FAILURE TO STATE CLAIM FOR EMOTIONAL INJURY**

The Prison Litigation Reform Act bars a prisoner's action for compensatory damages

based upon mental or emotional injury suffered while in custody if the "physical injury" is *de*

*minimis.* 42 U.S.C.A. § 1997e(e).

/// /// ///

/// /// ///

/// /// ///

Page 18 – DEFENDANTS' **AMENDED** ANSWER AND AFFIRMATIVE DEFENSES TO
        PLAINTIFFS' AMENDED COMPLAINT

78.

**SEVENTH AFFIRMATIVE DEFENSE**
**NO PUNITIVES**

There is no right to punitive damages against an entity under 42. U.S.C. §1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S. Ct. 2748, 2762, 69 L. Ed. 2d 616 (1981).

**AFFIRMATIVE DEFENSES - STATE CLAIMS**

79.

**EIGHTH AFFIRMATIVE DEFENSE**
**DISCRETIONARY IMMUNITY**

Defendants developed policies and protocols within the Inverness Jail and the Detention Center for purposes of housing inmates, responding to emergencies and addressing the deadly and contagious COVID 19 global pandemic. To the extent any claim for negligence challenges those policy decisions Defendants are entitled to discretionary immunity.

80.

**NINTH AFFIRMATIVE DEFENSE**
**OREGON TORT CLAIMS ACT LIMITS ON DAMAGES**

The Oregon Tort Claims Act is the exclusive remedy for any tort including negligence. The OTCA provides limitations on monetary damages for personal injury as provided under ORS 30.272 that apply to this case with regard to any state law claims. In this case there is a single limit as to damages to the extent there is a continuing tort.

/// /// ///

/// /// ///

/// /// ///

Page 19 – DEFENDANTS' **AMENDED** ANSWER AND AFFIRMATIVE DEFENSES TO
        PLAINTIFFS' AMENDED COMPLAINT

81.

## TENTH AFFIRMATIVE DEFENSE
## OREGON TORT CLAIMS ACT TORT CLAIM NOTICE

Plaintiffs failed to file a timely tort claim notice to preserve the scope of claims asserted in the Amended Complaint as required by ORS 30.275. The Tort Claims Notice either did not identify issues that are the subject of the Complaint or were not filed at all.

WHEREFORE, having fully answered, DEFENDANTS respectfully prays for the following:

1.     That Judgment enter in Defendants favor and the matter be dismissed with prejudice;

2.     That Defendants be granted its costs and recoverable attorney's fees; and

3.     That the Court grant Defendants such relief as appropriate in equity and in law.

DATED this 18th day of August, 2021.

Respectfully submitted,

JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON

**/s/ Christopher A. Gilmore**

Christopher A. Gilmore, OSB No. 980570
Senior Assistant County Attorney
  *Of Attorneys for Defendants Multnomah County,*
  *Michael Reese, Steven Alexander, Kurtiss Morrison,*
  *Jeffery Wheeler and Deputy Castro-Ramos*

Page 20 – DEFENDANTS' **AMENDED** ANSWER AND AFFIRMATIVE DEFENSES TO
       PLAINTIFFS' AMENDED COMPLAINT